IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SCOTLAND EUGENE WILLIAMS, #276777  *
          Plaintiff
                                        *

   v.                                        Civil Action No. AMD-06-1759
                                        *  (Consolidated with AMD-06-2150)

FRANK SIZER, et al.,
          Defendants         *
                                       ***

MEMORANDUM

Defendants have moved to dismiss or for summary judgment against plaintiff Scotland Eugene Williams. Paper No. 18. Plaintiff has elected to file no response.[1] No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the dispositive motion filed by defendants, treated as a motion for summary judgment, will be granted.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Not every factual dispute will defeat the motion. As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on December 18, 2006, plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 19. Plaintiff was informed that he was entitled to file materials in opposition to that motion within 17 days from the date of that letter and that his failure to file a timely and adequate response could result in the dismissal of his case or in the entry of judgment without further notice of the court. *Id.* Despite seeking and receiving numerous extensions of time to respond to the motion (Paper Nos. 21-32), plaintiff has failed to do so.

Plaintiff alleges that in February 2006 he learned that his legal mail was being confiscated, including "court docket entries/reports" and appellate court mail. Paper No. 1, Civil Action No. AMD-06-1759, Paper No. 1, Civil Action No. AMD-06-2150. Plaintiff states that administrative remedy requests he filed regarding this matter went unanswered. *Id*.

Plaintiff has a history of engaging in fraudulent acts using government documents obtained through the mail. Paper No. 18, Ex. 1, 2, 3. On March 25, 2005, Lt. Willis, of the Maryland Correctional Adjust Center, seized two Internal Revenue Service forms, nine tax books, and five copies of tax books from plaintiff. The forms seized were blank. *Id*. Plaintiff told correctional employees that he was working with an attorney on tax matters. The seized items were forwarded to the attorney. *Id*.

Correctional employees next found plaintiff attempting to obtain estate information which they concluded was an effort to defraud the estates. *Id*., Ex. 2 and 3. At that point, prison authorities placed a "mail cover" on plaintiff's mail to permit Karen Gibson-Gardner, the mailroom clerk at the Maryland Correctional Adjustment Center, to open plaintiff's mail. The mail cover revealed that plaintiff was receiving "court dockets, judges information for different states across the country [and that plaintiff had received] information from probate and appellate courts." *Id*., Ex. 3.

Plaintiff's bald claim that his outgoing and incoming mail was seized provides no basis for relief. Prisoner claims regarding legal mail are typically analyzed as access to court claims. To state a constitutional claim for denial of access to the courts, a prisoner must show that the alleged shortcomings "hindered his efforts to pursue a legal claim."*Lewis v. Casey*, 518 U.S.343, 351 (1996). Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977);

*Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978). In *Lewis*, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of a prisoner's right of access to the courts is actionable, but only where the prisoner is able to demonstrate actual injury from such deprivation. *See Lewis*, 518 U.S. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 354. Rather, the *Lewis* Court concluded that prisoners are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 354.

Plaintiff identifies no actual injury or specific harm he has suffered as a result of defendants' acts.[2] Rather, he merely offers conclusory statements that the conduct of mail room staff violated his constitutional rights. Without greater specificity, plaintiff's claim fails.

To the extent plaintiff's complaint can be construed as alleging a denial of his constitutional rights based on the mishandling of his administrative remedies, his claim also fails. There is no constitutional right to a prison grievance procedure, nor to access to it if one has been established. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Furthermore, plaintiff's inability to complete the administrative review process did not adversely affect his ability to litigate here.

An order will be entered in accordance with this memorandum.

Date: August 10, 2007          _/s/_____
                               Andre M. Davis
                               United States District Judge

---

[2] Plaintiff cannot argue that defendants had no right to seize materials likely linked to criminal activities.